IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORY GREGORY, | ) |
|     Plaintiff, | ) ) ) ) Case No. 18 C 387 |
| v. | ) ) Judge John Z. Lee |
| RANDY PFISTER, HANY SHALABI, GEORGE ADAMSON, and WALTER NICHOLSON, | ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cory Gregory has filed this lawsuit against Defendants Randy Pfister, Hany Shalabi, George Adamson, and Walter Nicholson, alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*; 42 U.S.C. § 1983; and the Illinois Religious Freedom Restoration Act ("RFRA"), 775 Ill. Comp. Stat. 35/15. Adamson, Nicholson, and Shalabi ("Defendants") have moved to dismiss certain of Plaintiff's claims. For the following reasons, Defendants' motion to dismiss [24] is granted in part and denied in part.

### Background[1]

Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and a practitioner of Odinism, a nature-based religion recognized by IDOC. Am. Compl. ¶ 19, ECF No. 14. Odinists worship individually and in groups, and their

---

[1] The following facts are taken from the amended complaint and are accepted as true at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

worship practices must take place both indoors and outdoors. *Id.* ¶¶ 11–12. What is more, Odinist worship requires an enclosure away from the practice of any other religion, and outdoor services require a fire pit and small evergreen shrubberies placed in the four cardinal directions. *Id.* Odinists also need a wood or stone altar, an altar cloth, a large mead horn and bowl, mead (a mixture of honey, water, and fruit juice), altar candles, a 24-inch wooden staff, a large Thor's hammer, a metal or wood ring, statues or images of the Gods and Goddesses of Odinism, an evergreen twig, a religious medallion, a rune set in a cloth bag, a horn cup, a bandana-like cloth, a wooden staff the size of a ruler, and a religious book. *Id.* ¶ 15. In addition, Odinists require pork to be served on six high holidays. *Id.* ¶ 16.

Plaintiff has practiced Odinism since 2007, and has submitted at least three requests to Adamson, the prison chaplain at Stateville Correctional Center ("Stateville"), for accommodations that would allow him to practice his religion. *Id.* ¶ 24. Those requests were ignored. *Id.* ¶¶ 23–24, 26.

Plaintiff also attempted to express his religious convictions by writing letters to fellow Odinists. *Id.* ¶ 26. Shalabi, an Internal Affairs Officer at Stateville, intercepted one such letter before it could be sent to an Odinist inmate at another prison. *Id.* ¶ 27. According to Shalabi, he confiscated the letter because it contained white supremacist drawings, and he wrote Plaintiff a disciplinary ticket. *Id.* ¶ 28. Plaintiff states that the illustrations were actually religious Odinist drawings, not related to white supremacy. *Id.* ¶ 30.

Because of the letter, Plaintiff faced disciplinary proceedings and was found to have violated prison policies. *Id.* As a result, he received 45 days in segregation, 3 months' demotion to C-grade status, 3 months of commissary restrictions, and 6 months of contact-visit restrictions. *Id.* ¶ 31. Plaintiff filed a grievance seeking reduction of these restrictions and expungement of his record, but the grievance was denied. *Id.* ¶ 32. Pfister, the warden of Stateville at the time, approved the denial of the grievance. *Id.* Nicholson is the current warden. *Id.* ¶ 7.

Plaintiff states that Defendants continue to deny or limit his access to the items and symbols necessary for Odinist worship. *Id.* ¶¶ 21, 39–40. Accordingly, he filed this action, claiming that Defendants' actions violated RLUIPA (Count I), his rights to free exercise of religion and free speech as guaranteed by the First Amendment (Counts II and III, respectively), and RFRA (Count IV). Defendants seek to dismiss the first three counts.

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir.

3

2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

Defendants first argue that, to the extent Plaintiff brings claims for damages against them in their official capacities, such claims are barred by the Eleventh Amendment. Second, Defendants contend, Plaintiff's RLUIPA claim (Count I) should be dismissed as to Adamson and Shalabi, because they are not proper parties to a claim for injunctive relief. Finally, Defendants argue that Plaintiff's § 1983 claims (Counts II and III) should be dismissed because Plaintiff has failed to sufficiently allege their personal involvement in the claimed constitutional deprivations.

### I. Claims for Monetary Damages

Defendants seek to dismiss all claims brought against them in their official capacities that request monetary damages, arguing that "asking for . . . money damages out of state funds . . . is unconstitutional." Defs.' Mem. Supp. Mot. Dismiss at 4, ECF No. 25. In response, Plaintiff explains that he is "suing Defendants in both their official *and* individual capacit[ies]." Pl.'s Resp. Opp. Mot. Dismiss at 7, ECF No. 33. But a plaintiff cannot obtain monetary damages from state officials sued in their official capacities. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

4

Furthermore, although Plaintiff can seek damages from Defendants in their individual capacities under § 1983, *see Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012), such damages are not available under RLUIPA, *see Nelson v. Miller*, 570 F.3d 868, 869 (7th Cir. 2009) (abrogated on other grounds by *Jones v. Carter*, 915 F.3d 1147, 1149–52 (7th Cir. 2019)).

Accordingly, Defendants' motion to dismiss is granted insofar as Plaintiff is seeking damages from Defendants in their official capacities and damages from Defendants in their individual capacities under RLUIPA.

## II.     RLUIPA Claim (Count I)

In addition to monetary damages, Plaintiff also seeks injunctive relief under RLUIPA. Defendants argue that this claim should be dismissed as to Adamson and Shalabi because they are not "state officials" who are suable for injunctive relief under RLUIPA. Relatedly, they contend, the only proper party to Plaintiff's claim is Nicholson, the current warden of Stateville. But Defendants provide no support for their position that prison staff are not "state officials," and their cited authority does not support their contention that only a warden is a proper party to a prisoner's claim for injunctive relief.

True, in *Gonzalez v. Feinerman*, the Seven Circuit concluded that a prison warden was a proper defendant to a § 1983 claim "because he would be responsible for ensuring that any injunctive relief is carried out." 663 F.3d 311, 315 (7th Cir. 2011). And in *Tolentino v. Baker*, the Court of Appeals found that a warden was a proper defendant to a § 1983 claim when no other named defendants could carry out

5

the injunctive relief requested. 679 F. App'x 503, 504 (7th Cir. 2017). But neither case supports the proposition that a prison warden is the *only* proper party to a claim for injunctive relief. Rather, *Gonzalez* and *Tolentino* suggest that when a prisoner brings such a claim, any prison official who would be responsible for carrying out the relief requested—*including* the warden—is a proper defendant.

Plaintiff alleges that Adamson, as the prison chaplain, would play a direct role in carrying out the injunctive relief he requests. Am. Compl. ¶¶ 23–24. Title 20 of the Administrative Code, § 425.110, requires inmates to submit all religious-accommodation requests to the prison chaplain. Yet, Plaintiff states, Adamson ignored his requests, and Plaintiff therefore did not receive his accommodations. Am. Compl. ¶ 24. This indicates that Adamson retains substantial control over religious accommodations at Stateville, suggesting that he would be instrumental in carrying out any injunctive relief pertaining to Plaintiff's requested accommodations. Accordingly, Defendants' motion to dismiss Count I against Adamson is denied.

On the other hand, Plaintiff has failed to allege that Shalabi, as an Internal Affairs Officer, would be responsible for carrying out any of his requested injunctive relief. Plaintiff does not indicate that Shalabi was involved in denying his requested accommodations, and nothing in the complaint suggests that an Internal Affairs Officer would have any part in providing such accommodations. Similarly, Plaintiff has failed to sufficiently allege that Shalabi would play a role in restoring his privileges or expunging his prison disciplinary record. Although Shalabi was the officer who wrote Plaintiff a disciplinary ticket, the prison disciplinary board was

6

ultimately responsible for determining what consequences should follow, and the warden affirmed the board's decision. *Id.* ¶¶ 30–32. This suggests that control over disciplinary proceedings rests with the warden and the board, not Internal Affairs Officers such as Shalabi. Because Plaintiff has not alleged facts supporting a reasonable inference that Shalabi would have a role in carrying out any of the injunctive relief requested, the motion to dismiss Count I against Shalabi is granted.

Furthermore, because Pfister is no longer employed by Stateville, he too would play no role in implementing Plaintiff's requested injunctive relief. Accordingly, the Court dismisses Count I as to Pfister. The claim should proceed against Adamson and Nicholson, the current warden. *See Gonzalez*, 663 F.3d at 315 (dismissing claim for injunctive relief against former warden and substituting current warden).

### III. Section 1983 Claims (Counts II and III)

Defendants have also moved to dismiss Plaintiff's § 1983 claims (Counts II and III), arguing that Plaintiff has failed to sufficiently allege their personal involvement in the claimed constitutional violations. To be held liable under § 1983, a defendant must have personally caused or participated in a constitutional violation. *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Therefore, a plaintiff must allege a "causal connection or affirmative link" between the defendant's conduct and the alleged constitutional deprivations. *Arnett v. Webster*, 658 F.3d 742, 759 (7th Cir. 2011).

Here, Defendants contend, Plaintiff's complaint contains only "vague allegations" and "blanket assertions." Defs.' Mem. Supp. Mot. Dismiss at 6–7. The

7

Court disagrees. Plaintiff sufficiently alleges each Defendant's personal involvement in the claimed First Amendment violations. First, as to Adamson, Plaintiff alleges that Illinois state law requires him to submit religious-accommodation requests to the prison chaplain, but that Adamson ignored these requests. Am. Compl. ¶¶ 23–24. Next, Plaintiff explains that after he turned to written to correspondence with fellow Odinists as a means of practicing his religion, Shalabi intercepted and censored his communications. *Id.* ¶ 27. And finally, as to Nicholson, Plaintiff alleges that the warden is responsible for setting all "rules, procedures, practices, and policies," at Stateville, *id.* ¶ 7, and sets out how those policies and practices have interfered with the practice of his religion. *Id.* ¶¶ 20–31. This level of specificity is permissible at the motion-to-dismiss stage. As such, Defendants' motion to dismiss is denied as to Counts II and III.

## Conclusion

For the reasons stated herein, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed, as is his claim for monetary damages against Defendants in their individual capacities under RLUIPA. Furthermore, Count I is dismissed as to Shalabi and Pfister. In all other respects, the motion is denied.

**IT IS SO ORRDERED.**  **ENTERED: 7/22/19**

*[signature: John Z. Lee]*

**John Z. Lee**
**United States District Judge**